IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| CURTIS BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:17-CV-02381-ELR |
| | * | |
| BENCHMARK REHAB PARTNERS, LLC, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

## ORDER

Plaintiff Curtis Brown, proceeding *pro se*, brings claims against Benchmark Rehab Partners, LLC, Atlanta Outpatient Surgery Center, LLC, Virginia Mollohan, PT, and Dominion Orthopedic Clinic, LLC, for breach of duties of medical care as well as pain and suffering resulting from "dry needling" administered to Plaintiff by Defendant Mollohan. Compl. [Doc. 3]. Plaintiff fails to allege proper subject matter jurisdiction in his Complaint. Compl. at ¶ 1. Plaintiff completed the Civil Cover Sheet accompanying his complaint, where he incorrectly marked "U.S. Government Plaintiff" as the basis of jurisdiction. [Doc. 3-1 at 1].

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Therefore, the Court

reviewed Plaintiff's Complaint and finds that federal question jurisdiction is lacking because Plaintiff does not allege a violation of the United States Constitution, federal law, or a treaty to which the United States is a party. See 28 U.S.C. § 1331. The Court further finds that diversity jurisdiction is lacking. Diversity jurisdiction requires complete diversity between the parties, meaning that "the citizenship of every plaintiff must be diverse from the citizenship of every defendant." Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). Plaintiff alleges in his pleading that he and all four Defendants are citizens of Georgia,[1] thus defeating diversity jurisdiction. See 28 U.S.C. § 1332.

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint and **DIRECTS** the Clerk to close this case.

**SO ORDERED**, this 11th day of October, 2017.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[1] Plaintiff did not correctly plead the citizenship of Benchmark Rehab Partners, LLC, Atlanta Outpatient Surgery Center, LLC, and Dominion Orthopedic Clinic, LLC. Compl. at ¶¶ 4, 6-7. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); see also Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1015 (2016) ("diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of all of its members") (quotation omitted). "To sufficiently allege the citizenships [of an LLC], a party must list the citizenships of all the members of the limited liability company." Rolling Greens MHP, L.P., 374 F.3d at 1022. Despite not knowing the correct citizenship of three of the four Defendants, the Court finds that diversity jurisdiction does not exist since Plaintiff is not diverse from at least one of the Defendants, Virginia Mollohan.